■ J. J. J. BAR & RESTAURANT INC., Petitioner, v. STATE LIQUOR AUTHORITY et al., Respondents.— Motion by petitioner to stay respondents from interfering with the operation of its business, etc., pending determination of this proceeding pursuant to article 78 of the CPLR. Motion denied and stay heretofore granted in the order to show cause dated March 2, 1970 vacated. Hopkins, Acting P. J., Munder, Martuscello, Brennan and Benjamin, JJ., concur.

■ ELAINE P. KAHN, Respondent, v. SAMUEL KAHN, Appellant.— In an action for separation, defendant appeals from an order of the Supreme Court, Westchester County, dated October 8, 1969, which inter alia directed him to pay plaintiff $275 per week for her support and the support of the parties' child and $2,500 as and for plaintiff's counsel fee. Order modified, on the law and the facts, by reducing the amount directed to be paid for support from $275 per week to $175 per week. As so modified, order affirmed, without costs. In our opinion, based on the conflicting affidavits contained in the present record, an award of $175 per week is proper pending trial of this action. The amount of permanent alimony and additional counsel fee allowances, if any, should be determined by the trial court upon the proof adduced at the trial (El Khouri v. El Khouri, 22 A D 2d 687). Hopkins, Acting P. J., Munder, Martuscello, Brennan and Benjamin, JJ., concur.

■ JOHN KEENAN, Respondent, v. DAVID BRUCE et al., Defendants, and COASTAL LUMBER CO., Appellant.— In a negligence action to recover damages for personal injuries, defendant Coastal Lumber Co. appeals from an order of the Supreme Court, Kings County, dated July 15, 1969, which denied its motion for leave to amend its answer so as to deny the allegations in paragraphs of the complaint designated "2," "4," "5," and "8" and to deny knowledge or information sufficient to form a belief as to the allegations in paragraph designated "3". Order reversed, on the law and the facts, without costs, and motion granted. Appellant shall serve its amended answer in accordance herewith within 20 days after entry of the order hereon. In our opinion, the omission to make the denials in question was excusable. Plaintiff has not demonstrated any prejudice (Price v. Giffin, 32 A D 2d 868; Kane v. Long Is. Jewish Hosp., 29 A D 2d 554; La Bate v. Meyerbank Elec. Co., 23 A D 2d 503; Sherman v. City of New York, 29 A D 2d 775; Gilbert Props. v. City of New York 33 A D 2d 175). The remaining alleged procedural deficiencies have been examined and found to be insubstantial. Christ, Acting P. J., Rabin, Hopkins, Munder and Brennan, JJ., concur.

■ NAVILLUS INC., Respondent, v. FRANK GUGGINO et al., Appellants, et al., Defendants.— In an action to foreclose a lien on real property for construction materials furnished, the appeal is from an order of the Supreme Court, Westchester County, dated November 24, 1969, which denied appellants' motion to dismiss the complaint for unreasonable failure to prosecute the case. Order reversed, on the law and on the facts, without costs, and motion granted. Plaintiff failed to comply with a notice served upon it pursuant to CPLR 3216 that it file a note of issue within 45 days and has not shown a justifiable excuse for the delay (CPLR 3216, subd. [b], par. [3]; subd. [e]; Kuroski v. Trenton-Ocean-Nevada Corp., 27 A D 2d 935; Pernise v. Di Giacomo, 25 A D 2d 447). Hopkins, Acting P. J., Munder, Martuscello, Latham and Brennan, JJ., concur.